JULIE PARRISH, A MINOR, BY AND THROUGH HER MOTHER AND NEXT FRIEND, KAREN PARRISH, APPELLANT, V. OMAHA PUBLIC POWER DISTRICT ET AL., APPELLEES.

496 N.W.2d 914

Filed March 12, 1993.   No. S-90-389.

Jean V. Faulconbridge and Joseph B. Muller, of The Law Offices of Ronald J. Palagi, P.C., for appellant.

Rex A. Rezac, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee Omaha Public Power District.

Theodore J. Stouffer, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee Hawkins Construction Company.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.

SHANAHAN, J.

Karen Parrish, as next friend of Julie Parrish, sued Omaha Public Power District (OPPD) and Hawkins Construction Company (Hawkins) for negligence that allegedly caused severe emotional distress to Julie Parrish after the death of Julie's father, Eldon Parrish. Without elaboration, the district court granted summary judgment to OPPD and Hawkins and dismissed the action.

## STANDARD OF REVIEW

A summary judgment is properly granted when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue concerning any material fact or the ultimate inferences deducible from such fact or facts and that the moving party is entitled to judgment as a matter of law. [Citations omitted.] In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.

*Union Pacific RR. Co. v. Kaiser Ag. Chem. Co.*, 229 Neb. 160, 162-63, 425 N.W.2d 872, 875 (1988). Accord, *Dowis v. Continental Elev. Co.*, 241 Neb. 207, 486 N.W.2d 916 (1992); *Anderson v. Service Merchandise Co.*, 240 Neb. 873, 485 N.W.2d 170 (1992); *Murphy v. Spelts-Schultz Lumber Co.*, 240 Neb. 275, 481 N.W.2d 422 (1992). See Neb. Rev. Stat. § 25-1330 et seq. (Reissue 1989) (summary judgments).

## EMOTIONAL DISTRESS

To be actionable, emotional distress must have been so severe that no reasonable person could have been expected

to endure it. *Hassing v. Wortman*, 214 Neb. 154, 333 N.W.2d 765 (1983); *Gall v. Great Western Sugar Co.*, 219 Neb. 354, 363 N.W.2d 373 (1985); *Davis v. Texaco, Inc.*, 210 Neb. 67, 313 N.W.2d 221 (1981). Furthermore, the emotional anguish or mental harm must be medically diagnosable and must be of sufficient severity that it is medically significant. *Turek* [*v. St. Elizabeth Comm. Health Ctr.*, 241 Neb. 467, 488 N.W.2d 567 (1992)] citing *Bass v. Nooney Co.*, [646 S.W.2d 765 (Mo. 1983)].

*Schleich v. Archbishop Bergan Mercy Hosp.*, 241 Neb. 765, 770-71, 491 N.W.2d 307, 310-11 (1992).

## FACTS

Although the parties argue Julie Parrish's status as a "bystander" or a "direct victim" in relation to a cause of action for negligent infliction of emotional distress, there is another aspect of the summary judgment which disposes of the Parrish appeal.

The facts surrounding Eldon Parrish's death in a construction accident on June 9, 1987, are discussed in *Parrish v. Omaha Pub. Power Dist., post* p. 783, 496 N.W.2d 902 (1993). After Eldon Parrish's death, Karen Parrish told the Parrishes' 10-year-old daughter, Julie, that her father had been killed in the accident. Julie described her reaction to her mother's telling her that Eldon Parrish had died: "I was very sad and I was hollering and yelling and I didn't want to believe her [mother] and I wanted . . . to tell her that she was lying and that he didn't — that he wouldn't die and leave me." According to Karen Parrish, Julie cried so much following her father's death that "she constantly had headaches and constantly was to the point of not breathing." Julie's physician diagnosed her breathing problems as hay fever and allergies and prescribed a regimen of weekly shots.

After her father's death, Julie continued in school without any particular problem except that her grades were generally lower than her grades before her father's death. Nearly 3 years after her father's death, and prompted by the suicide of one of her school acquaintances, Julie visited a school counselor because she was sad and could not concentrate on her school

work. However, at the time of her deposition in March 1990, Julie had not required any medical or psychological treatment on account of her father's death. Nothing indicates that Eldon Parrish's death had an extraordinary effect, either psychological or physical, on Julie Parrish.

Although we do not disregard or minimize the understandable anguish and enduring sadness that Julie Parrish experienced on learning of her father's death, an action for emotional distress is a particular type of legal action which requires "emotional distress . . . so severe that no reasonable person could have been expected to endure it" and which is of "sufficient severity that it is medically significant." See *Schleich v. Archbishop Bergan Mercy Hosp., supra.* To avoid a summary judgment in an action for emotional distress, the record must present some evidence establishing a factual question, i.e., a genuine issue of material fact, whether Julie Parrish's reaction to her father's death is "emotional distress" sufficiently severe and medically significant to be actionable under Nebraska law. The record does not contain evidence in that regard; hence, the district court properly entered summary judgment in favor of OPPD and Hawkins.

Therefore, we affirm the district court's judgment.

AFFIRMED.

GRANT, J., not participating.