SAVE OUR HEALTH ORGANIZATION, a citizen's group; Hustad Housing Company, a Minnesota corporation; Lee and Cocoa Robertson; Freihammer Family Limited Partnership, a Minnesota limited partnership; Ron Freihammer; Ray and Alphonse Freihammer; Richard Matthews; David Brooks; Northern Leisure, a Minnesota corporation, William and Mary Deters Carpeting, a Minnesota partnership; Doug Yozamp; RAL Yield and Equities III Limited Partnership, a Wisconsin limited partnership, d/b/a Clover Leaf Mobile Park, Plaintiffs,

v.

RECOMP OF MINNESOTA, INC., a Minnesota corporation; and the Minnesota Pollution Control Agency, Defendants.

Civ. No. 4–92–1258.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 13, 1993.

Lawrence A. Moloney, Timothy J. Dolan, and Doherty, Rumble & Butler, P.A., Minneapolis, MN, for plaintiffs.

Robert E. Cattanach, Peter V. O'Connor, and Oppenheimer Wolff & Donnelly, St. Paul, MN, and Mark S. Anderson, and Hillstrom Bale Anderson Young Polstein & Person, Ltd., Minneapolis, MN, for defendant Recomp of Minnesota, Inc.

Hubert H. Humphrey III, Atty. Gen., and Ann E. Cohen, Sp. Asst. Atty. Gen., St. Paul, MN, for defendant Minnesota Pollution Control Agency.

## ORDER

DOTY, District Judge.

This matter is before the court on defendant Recomp of Minnesota, Inc.'s ("Recomp") motion to dismiss pursuant to Rules 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure.[1] Based on a review of the file, record and proceedings herein, the court grants Recomp's motion.

## BACKGROUND

On June 6, 1991, the MPCA issued solid waste permit number SW–265 to Recomp.[2] That permit allows Recomp to operate a mixed municipal solid waste composting facility in St. Cloud, Minnesota. The permit also establishes the guidelines and limitations with which Recomp must comply. At issue in this case is Recomp's alleged violation of the permit's odor limitations. The permit prohibits Recomp from exceeding the odor limits specified in Minn.Rules pts. 7005.0900 to 7005.1040. *See* Bisio Aff., Exh. A (Permit No. SW–265, Part II.H.1., at 4).

The plaintiffs,[3] alleging that Recomp has repeatedly violated and continues to violate the odor limits set forth in the permit, commenced this action. Count one asserts that Recomp is violating the Clean Air Act, 42 U.S.C. § 7401, *et seq.* Count two asserts that the emission of odor constitutes a private and public nuisance under Minn.Stat. § 561.01.[4] The plaintiffs assert that the court can exercise jurisdiction over their fed-

---

1. Defendant Minnesota Pollution Control Agency ("MPCA") also filed a motion to dismiss. At oral arguments, the plaintiffs agreed to dismiss their action against the MPCA. Thereafter, the parties filed a stipulation of dismissal. Accordingly, this order only discusses Recomp's motion.

2. The permit number that actually appears on Recomp's solid waste permit is SW–365. *See* Bisio Aff., Exh. A. In a letter dated January 6, 1992, the MPCA indicated that the correct permit number is SW–265. Therefore, the court will refer to Recomp's solid waste permit as SW–265.

3. The plaintiffs are individuals residing near Recomp and organizations located near Recomp.

4. The plaintiffs included a third count in their complaint in which they ask the court to issue a writ of mandamus compelling the MPCA to enforce the terms of the permit. Because the plaintiffs have dismissed their action against the MPCA, the allegations contained in Count three are no longer at issue.

eral claim based on the citizen suit provisions of the Clean Air Act, 42 U.S.C. § 7604(b), and their state law claim based on its supplemental jurisdiction.

Recomp now moves to dismiss Count one because the alleged odor violation does not implicate the Clean Air Act, and, therefore, there is no federal question at issue in this case. In the alternative, Recomp argues that even if the emission of odor is actionable under the Clean Air Act, it has not violated that act. Recomp also moves to dismiss Count two, arguing that if the court determines that there is no federal question it should not exercise supplemental jurisdiction over the plaintiffs' state law claim.

## DISCUSSION

█ Both parties submitted matters outside of the pleadings for the court's consideration. Rule 12(c) of the Federal Rules of Civil Procedure provides:

If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Both parties have had a reasonable opportunity to submit materials pertinent to this motion and the court has considered those materials. Therefore, the court treats Recomp's motion as a motion for summary judgment.

█ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Stated in the negative, summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. *Id.* at 250, 106 S.Ct. at 2511. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552. With this standard at hand, the court will consider Recomp's motion for summary judgment.

## 1. Federal Question Jurisdiction

█ The plaintiff's allege that the court has jurisdiction over their claims pursuant to the citizen suit provision of the Clean Air Act. That provision provides:

any person may commence a civil action on his own behalf against ... any person ... who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of ... an emission standard or limitation under this chapter....

42 U.S.C. § 7604(a)(1). "[A]n emission standard or limitation" is defined as:

any other standard, limitation, or schedule established under any permit issued pursuant to subchapter V of this chapter or under any applicable State implementation plan approved by the Administra-

tor, any permit term or condition, and any requirement to obtain a permit as a condition of operations[ ][,]

which is in effect under this chapter ... or under an applicable implementation plan. 42 U.S.C. § 7604(f)(4).

There is no dispute that the permit issued to Recomp in 1991 is not a Title V permit. In addition, there is no dispute that the permit Minnesota issued to Recomp was issued pursuant to its solid waste program, not its air pollution control program. Thus, in order for the court to obtain jurisdiction over their federal claim, the plaintiffs must demonstrate that the odor regulations are contained in an approved state implementation plan ("SIP").

Pursuant to the requirements of the Clean Air Act, Minnesota submitted a proposed SIP to the United States Environmental Protection Agency ("EPA").[5] The proposed plan contained the odor regulations set forth in Minn.Rules Pts. 7005.0900 to 7005.1040. There is no dispute that the EPA adopted Minnesota's SIP, including the odor regulations, and that those regulations remain in the SIP.

Recomp argues that the court may disregard those regulations because the EPA exceeded its authority in approving odor regulations as part of the SIP and, therefore, the odor regulations have no force.[6] Recomp thus contends that there is no federal question and the court should dismiss the plaintiffs' complaint.

The Third Circuit considered a similar argument in Concerned Citizens of Bridesburg v. United States Environmental Protection Agency, 836 F.2d 777 (3d Cir.1987). In that case, the plaintiffs challenged the EPA's recision of fourteen state and local odor regulations contained in Pennsylvania's SIP. The EPA argued that the recision was appropriate because it has not established Clean Air standards for odors and, therefore, the odor regulations have no significant relationship to the achievement of any other Clean Air standard. Id. at 779. The EPA thus argued

that it had no statutory authority to include odor regulations in a SIP. Id. The plaintiffs disagreed, arguing that the odor regulations assist state regulation of pollutants for which the EPA has set standards. Id.

The Third Circuit did not reach the merits of the parties' arguments. Instead, it ruled on the threshold question of whether the EPA took the appropriate steps to rescind part of an approve SIP. The court determined that "the EPA had a statutory obligation to propose its revisions to Pennsylvania for a hearing and reaction before directly deleting the odor regulations," that the EPA failed to do so and until the EPA complied with its statutory obligations the odor regulations constitute a valid part of Pennsylvania's SIP. Id. at 787–788; see also Concerned Citizens of Bridesburg v. Philadelphia Water Dept., 843 F.2d 679, 681 (3d Cir.) ("[T]he EPA's attempt delete the odor regulations from the Pennsylvania SIP is, and has always been, a legal nullity."), cert. denied, 488 U.S. 853, 109 S.Ct. 139, 102 L.Ed.2d 112 (1988).

The court finds the Third Circuit's reasoning persuasive. There is no dispute that the EPA has taken no steps to rescind the odor regulations contained in Minnesota's SIP. Thus, based on Concerned Citizen and the plain language of 42 U.S.C. §§ 7604(a)(1) and 7604(f)(4), the court rejects the defendant's argument that the plaintiffs have no basis under the Clean Air Act to challenge its compliance with the odor regulations.

## 2. Has Recomp Violated the Odor Regulations?

In the alternative, Recomp contends that the court should dismiss Count I because the plaintiffs proffer no persuasive evidence that it is currently violating or has repeatedly violated the odor regulations. The citizen suit provision of the Clean Air Act provides that:

---

5. The SIP sets forth how Minnesota intends to attain and maintain compliance with EPA–approved Clean Air Act standards ("Clean Air standards").

6. The EPA has established Clean Air standards for five "criteria pollutants;" particulate matter, sulfur dioxide, carbon monoxide, nitrogen dioxide, ozone and lead. See 40 C.F.R. §§ 50.1–50.12. The EPA has not listed odors as a dangerous pollutant and it has established no standard for odors.

any person may commence a civil action on his own behalf against ... any person ... who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of ... an emission standard or limitation under this chapter....

42 U.S.C. § 7604(a)(1). Therefore, to sustain their claim, the plaintiffs must proffer some evidence that Recomp is currently violating or has repeatedly violated the odor regulations. The odor regulations provide that:

No odor source shall emit air contaminants into the ambient air which cause odor outside the alleged polluter's property line in excess of the following limitations;

(1) one odor unit in areas zoned residential, recreational, institutional, retail sales, hotel, or educational;

(2) two odor units in areas zoned light industrial; and

(3) four odor units in areas zoned other than in subitems (1) and (2).

Minnesota Rule, Part 7005.0920.

The plaintiffs contend that the following results from three air samples taken near Recomp during 1992 demonstrate that it has repeatedly violated the odor regulations:

1. 1.45 odor units at Ziebart's, 635 Franklin Avenue, St. Cloud, Minnesota on January 31, 1992;

2. 1.16 odor units at RCM Associates, 605 Franklin Avenue, St. Cloud, Minnesota on March 18, 1992;

3. 1.32 odor units taken from Jennings Decoy's, 601 Franklin Avenue, St. Cloud, Minnesota on March 18, 1992.

The plaintiffs argue that each of the properties from which an odor sample was taken is located within a one odor-unit zone.

Recomp does not dispute the test results. Recomp, however, argues that none of the properties at issue are zoned residential, recreational, institutional, retail sales, hotel, or educational. Recomp argues that the properties are either zoned light industrial and are subject to the two odor unit limit or are zoned other than in subitems (1) and (2) and are subject to the four odor limit. Recomp thus argues that because none of the odor samples tested revealed emissions of two odor units or greater it has not violated the odor regulations.

Upon examining the record, the court determines that the plaintiffs present no persuasive evidence of odor violations. According to Gerald Hengel, Assistant Planning Director, City of St. Cloud Planning Division, Ziebart is located in an area zoned light industrial. Hengel Aff. ¶ 4. Emissions of two or less odor units do not violate the regulations for areas zoned light industrial. Therefore, the test results of the air sample taken at Ziebart reveal no violation of the odor regulation.

RCM Associates and Jennings's Decoy are located in areas zoned highway commercial. *Id.* at ¶¶ 5 and 6. Highway commercial is not listed in the odor regulations. The plaintiffs argue that the use of areas zoned highway commercial most closely resemble areas zoned residential, recreational, institutional, retail sales, hotel or educational and should be treated similar to those zones for purposes of the odor regulations. The plaintiffs thus contend that the test results of the air samples taken at RCM Associates and Jennings's Decoy both establish violations of the odor regulations.

The court rejects the plaintiff's reasoning. Giving the language contained in the odor regulations its plain meaning, areas not listed in subitems (1) or (2) are grouped under subitem (3). Thus, because the properties upon which RCM Associates and Jennings's Decoy are located are zoned highway commercial, which is not listed in subitems (1) and (2), those properties are covered by subitem (3). There is no persuasive evidence that the test results of the air samples taken from those properties exceeded four odor units. Moreover, the court notes that if it were to consider a reclassification of the zoning of those two properties for purposes of the odor regulations, it would find that the properties most closely resemble areas zoned light industrial. *See* Second Hengel Aff., ¶¶ 3–5. There is no persuasive evidence that the test results of the air samples from those properties exceeded two odor units. Therefore, the test results of the air sample taken at each of those locations reveal no violation

of the odor regulations.[7] Accordingly, the court concludes that the plaintiffs have failed to proffer evidence raising an issue of fact concerning repeated violations of the odor regulations.

In the alternative, the plaintiffs apparently argue that they have produced sufficient evidence suggesting that Recomp is likely to be in violation of the odor regulations to raise a material fact dispute. However, upon examination of the record, the court finds no persuasive evidence supporting the plaintiffs' assertion. Accordingly, the court concludes that the plaintiffs fail to sustain their Clean Air Act claim and summary judgment in favor of Recomp on Count I is warranted.

### 3. The Plaintiffs' State Law Claim

 The court has discretion to consider the plaintiffs' state law claims under the doctrine of supplemental jurisdiction. *See United ed Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The court, however, declines to exercise supplemental jurisdiction over the plaintiffs' state law claims because it has dismissed the claim in this action over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction"); *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139 ("[Supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right.... [I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Stokes v. Lokken,* 644 F.2d 779, 785 (8th Cir.1981) ("[W]hen federal claims are dismissed before trial, the normal practice is to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts, if they wish."). Accordingly, the court dismisses the plaintiffs' state law claims without prejudice.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Recomp's motion for summary judgment on the plaintiff's Clean Air Act claim is granted; and

2. The plaintiffs' state law claims are dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

7. In their intent to sue notice dated September 2, 1992, the plaintiffs also cited a test result of 1.47 odors units taken from the property on which Recomp is located. The plaintiffs did not cite that result in their memorandum in opposition to Recomp's motion. Even if the plaintiffs had cited that result, the court would find that it provides no evidence of a violation of the odor regulations. Recomp is located in an area zoned light industrial. There is no evidence that the odor emission at Recomp exceeded two odor units. Moreover, Recomp's solid waster permit and the odor regulations both specify that odor unit limitations are applicable only to zoned areas "outside the alleged polluter's property line." *See* Bisio Aff., Exh. A (Permit No. SW–265, Part II.H.2. at p. 4); Minn.R. 7005.0920, subp. D. Therefore, under the terms of both Recomp's permit and the odor regulations, samples obtained from Recomp's property may not form the basis of an alleged violation.