## Daniel JOHNSON, Appellant,

### v.

## OVERNITE TRANSPORTATION COMPANY, a Virginia corporation, Appellee.

### No. 93–1470.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1993.

Decided March 11, 1994.

Brian N. Toder, St. Paul, MN, argued (Brian N. Toder and Douglas W. Thomson on the brief), for appellant.

Robert L. DeMay, Minneapolis, MN, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, BEAM, Circuit Judge, and JACKSON *, District Judge.

PER CURIAM.

Daniel Johnson appeals the dismissal of his defamation action. The district court found that the action was barred by the statute of limitations. We affirm.

Johnson was employed as a truck driver by Overnite Transportation Co. (Overnite). In 1986, he was terminated for misconduct. Since that time, he has been required to state the reason for his dismissal on more than thirty job applications.

He filed this diversity action in 1992, claiming defamation through compelled self-publication.[1] Overnite moved for summary judgment, contending that the two-year defamation statute of limitations, Minn.Stat. § 541.-07, bars Johnson's defamation claim. Overnite argued that the limitations period commenced, at the latest, when Johnson first

---

* The HONORABLE CAROL E. JACKSON, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The doctrine of compelled self-publication is an exception to the general rule that a defamation claim arises only from a communication by someone other than the person defamed; it al- lows the plaintiff to satisfy the publication requirement with proof that he or she was compelled to publish a defamatory statement to a third person and that this compelled self-publication was foreseeable to the defendant. *Lewis v. Equitable Life Assur. Soc'y*, 389 N.W.2d 876, 886–88 (Minn.1986).

uttered the defamatory statements to a prospective employer in late 1986. Johnson contended, on the other hand, that the limitations period began to run anew every time he was compelled to publish the defamatory statement.

The district court found the action was barred. In making its finding, the district court acknowledged that Minnesota courts have not specifically addressed the issue of whether the "multiple-publication" rule or the "single-publication" rule applies in a case of compelled self-publication. *See Church of Scientology v. Minnesota State Medical Ass'n Found.,* 264 N.W.2d 152, 155 (Minn. 1978) (rejecting the common-law rule that each repetition of a defamatory statement constitutes a separate and distinct publication giving rise to a separate cause of action in cases of mass-produced libel). The district court found compelled self-publication comparable to the mass-produced libel presented in *Church of Scientology* since a plaintiff's ability to indefinitely prolong his cause of action undermines the policy of repose embodied in the statute of limitation.

We review a grant of summary judgment de novo. *United States ex rel. Glass v. Medtronic, Inc.,* 957 F.2d 605, 607 (8th Cir. 1992). The question before the district court, and this court on appeal, is whether the record, when viewed in light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.* We similarly review a district court's determination of state law de novo. *Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

Applying those standards, we agree that Minnesota courts, if presented with the issue, would find the situation analogous to the mass-publication scenario presented in *Church of Scientology.* We see no need to elaborate on the well-reasoned opinion of the district court.[2] *See* 8th Cir.R. 47B.

We add only that the enactment of Minn. Stat. § 181.933, which limits an employer's liability for defamation claims in some circumstances, exhibits a policy inclination to narrow the defamation cause of action in the employment context. Accordingly, the judgment of the district court is affirmed.

---

**2.** We note for the record that this issue was addressed, and was similarly resolved, in *Peterson v. Norwest Corp.,* No. 3–87–0528, 1988 WL 425635, 1988 U.S.Dist. LEXIS 16766 (D.Minn. June 16, 1988).