**Ann AURORA, Appellant,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, A Delaware Corporation, Appellee.**

No. 93–2347NE.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1994.

Decided Aug. 10, 1994.

Jeffrey Craig Miller, Omaha, NE, argued (Malcom D. Young, on the brief), for appellant.

Robert A. Cannon of Lincoln, NE, argued (Douglas J. Peterson, on the brief), for appellee.

Before FAGG, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

FAGG, Circuit Judge.

After Ann Aurora learned her twenty-four-year-old son was seriously injured in a truck accident, Aurora brought this diversity action against the Burlington Northern Railroad Company (the Railroad) asserting claims for negligent infliction of emotional distress, loss of consortium, and reimbursement of expenses she incurred for her son's care. Concluding Aurora could not recover under Nebraska law, the district court granted summary judgment in favor of the Railroad. Aurora appeals, and we affirm.

A Railroad employee drove a truck through a stop sign and struck Aurora's husband's truck, injuring Aurora's husband and two sons. An ambulance took the three to a nearby hospital, but because one son sustained serious injuries, he was transferred to a distant hospital. A relative called Aurora at home and told her an accident had occurred and Aurora should go to her son at the distant hospital. Following an hour-long car ride, Aurora arrived at the hospital where medical staff members told her they were treating her son. A doctor informed Aurora that her son had severe head injuries and would need a neurosurgeon. When the medical staff allowed Aurora to see her son, he was connected to a breathing machine, his head was heavily bandaged, and he was having convulsions. The medical staff took Au-

rora's son to the intensive care unit to await further procedures. A few hours later, Aurora learned that her husband and other son received minor injuries in the accident. Aurora's seriously injured son was in a coma for several days and Aurora stayed at the hospital for a week. A doctor informed Aurora that her son sustained permanent brain damage in the accident.

During her hospital vigil, Aurora became extremely nauseated, continuously vomited, and suffered headaches and abdominal pain. As a result, Aurora entered a hospital where she was treated for stress and elevated blood pressure. After one week, Aurora felt significantly better and the hospital released her. A doctor prescribed medication for Aurora's high blood pressure. Three weeks later, Aurora reported to her family physician that she had no complaints. Three months after the accident, a psychiatrist evaluated Aurora and diagnosed anxiety and depression. Although the psychiatrist told Aurora that her condition can be treated with psychotherapy, Aurora has not sought any psychological treatment. The psychiatrist did not prescribe any medication for Aurora or schedule any follow-up treatment.

Aurora contends the district court committed error in granting the Railroad's summary judgment motion on her claim for negligent infliction of emotional distress under Nebraska law. When considering a motion for summary judgment, "[t]he question before the district court, and this court on appeal, is whether the record, when viewed in light most favorable to the nonmoving party, shows that there is no genuine issue [on] any material fact and that the moving party is entitled to judgment as a matter of law." *Johnson v. Overnite Transp. Co.*, 19 F.3d 392, 393 (8th Cir.1994) (per curiam). We review de novo both the district court's grant of summary judgment and the district court's interpretation of state law. *Id.; Salve Regina College v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

■ To be actionable under Nebraska law, a plaintiff's emotional distress must be "so severe that no reasonable person could [be] expected to endure it. Furthermore,

the emotional anguish or mental harm must be medically diagnosable and must be of sufficient severity that it is medically significant." *Parrish v. Omaha Pub. Power Dist.*, 242 Neb. 731, 496 N.W.2d 914, 915 (1993) (citations omitted). The Nebraska Supreme Court has made clear that an emotional distress plaintiff can only recover damages if learning of a traumatic event causes an extraordinary psychological or physical effect on the plaintiff. *Id.* 496 N.W.2d at 916; *see Andreasen v. Gomes*, 244 Neb. 73, 504 N.W.2d 539, 542 (1993) (liability arises only when emotional distress is extreme). We agree with the district court that the evidence Aurora presented falls short of creating a genuine dispute on whether her emotional distress was "of sufficient severity that it is medically significant" to permit a recovery under state law. *Parrish*, 496 N.W.2d at 916.

■ In this case, Aurora's nausea, headaches, and other physical discomfort following her son's accident were not medically significant. *See Andreasen*, 504 N.W.2d at 542 (granting defendants summary judgment because plaintiff's headaches, nightmares, loss of sleep, and nausea were not severe as a matter of law); *Sell v. Mary Lanning Memorial Hosp. Ass'n*, 243 Neb. 266, 498 N.W.2d 522, 525 (1993) (reversing jury verdict because plaintiff's continual crying, eating disorder, and sleeplessness was not severe as a matter of law); *Turek v. Saint Elizabeth Community Health Ctr.*, 241 Neb. 467, 488 N.W.2d 567, 574–76 (1992) (holding plaintiff's vomiting, diarrhea, and appetite loss was not severe as a matter of law). Indeed, Aurora's physical condition substantially improved a week after she was treated for her stress. Although Aurora was treated for elevated blood pressure, her blood pressure was safely regulated through medication. Because Aurora was back to normal shortly after learning of her son's injury, Aurora did not suffer the extraordinary physical effect that Nebraska law requires to state a claim. *See Andreasen*, 504 N.W.2d at 542.

Likewise, Aurora's psychological condition is not medically significant. The Nebraska Supreme Court has allowed emotional distress plaintiffs to recover when a traumatic event causes permanent psychological scars and damage, *see Haselhorst v. State*, 240 Neb. 891, 485 N.W.2d 180, 189–90 (1992), or a psychological adjustment disorder like post-traumatic stress syndrome, *see Nichols v. Busse*, 243 Neb. 811, 503 N.W.2d 173, 179–80 (1993). Here, however, nothing in the record indicates that the son's injury has had an extraordinary psychological effect on Aurora. The psychiatrist who examined Aurora concluded she was anxious and depressed, but her condition was not serious enough for medication or follow-up treatment. After Aurora's single consultation with the psychiatrist, she has not sought additional psychological treatment. *See Parrish*, 496 N.W.2d at 915–16 (plaintiff who required no medical or psychological treatment could not state a claim); *Schleich v. Archbishop Bergan Mercy Hosp.*, 241 Neb. 765, 491 N.W.2d 307, 310 (1992) (plaintiff who sought no professional counseling did not suffer severe emotional distress).

In sum, although Aurora has shown that learning about her son's accident and coming to grips with his injury has affected her, Aurora has not shown that her emotional distress is anything other than unpleasant physical and mental reactions that do not rise to the level of severity required by Nebraska case law. The Nebraska Supreme Court has recognized that learning of the death or serious injury of a loved one understandably produces sadness, anguish, and heartache. *Sell*, 498 N.W.2d at 525; *Parrish*, 496 N.W.2d at 916. Nevertheless, to recover, the court demands that a plaintiff show emotional distress that is out of the ordinary. Because Aurora has not shown a genuine dispute on whether her emotional distress is sufficiently severe and medically significant, we conclude the district court properly granted the Railroad's summary judgment motion on this claim.

■ Aurora also contends the district court should not have granted the Railroad summary judgment on her claim for loss of consortium. Because the Nebraska Supreme Court has not decided whether the parent of a nonfatally injured adult child may recover for loss of consortium, we must predict how

that court would decide the issue. *See Brandenburg v. Allstate Ins. Co.,* 23 F.3d 1438, 1440 (8th Cir.1994). After carefully reviewing Nebraska law, we conclude the district court properly predicted that Nebraska would not recognize Aurora's claim. Although the Nebraska Supreme Court has allowed the spouse of a nonfatally injured person to recover for the loss of consortium, the court has been reluctant to expand its law to allow recovery by any relatives of nonfatally injured persons. *See Guenther v. Stollberg,* 242 Neb. 415, 495 N.W.2d 286, 286–89 (1993). In *Guenther,* the court expressly rejected a suggestion to recognize a cause of action for a minor child's loss of a negligently injured parent's consortium. *Id.* Thus, the district court properly granted the Railroad summary judgment on Aurora's loss of consortium claim.

We also conclude the district court correctly dismissed Aurora's claim for reimbursement of expenses she incurred in caring for her son because that claim alone does not satisfy the $50,000 jurisdictional limit required under 28 U.S.C. § 1332(a). *See Allison v. Security Benefit Life Ins. Co.,* 980 F.2d 1213. 1215 (8th Cir.1992).

Accordingly, we affirm.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

Because I believe that a reasonable jury could find that Ms. Aurora's condition was medically diagnosable and medically significant, I would reverse the district court's summary judgment on the claim for negligent infliction of emotional distress. I therefore respectfully dissent.