**SAVE OUR HEALTH ORGANIZATION, a Citizen's Group; Hustad Housing Co., a Minnesota Corporation; Lee Robertson; Cocoa Robertson; Freihammer Family Limited Partnership, a Minnesota Limited Partnership; Ron Freihammer; Ray Freihammer; Alphonse Freihammer; Richard Matthews; David Brooks; Northern Leisure, a Minnesota Corporation; William Deters; Mary Deters; Deters Carpeting, a Minnesota Partnership; Doug Yozamp; Ral Yield & Equities, doing business as Clover Leaf Mobile Home Park, a Wisconsin Limited Partnership, Appellants/Cross–Appellees,**

v.

**RECOMP OF MINNESOTA, INC., a Minnesota Corporation, Appellees/Cross–Appellants.**

Nos. 93–3284, 93–3330.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1994.

Decided Oct. 14, 1994.

Lawrence A. Moloney, Minneapolis, MN, argued (Mark W. Haigh, on the brief), for appellants.

Robert Edward Cattanach, Jr., Minneapolis, MN, argued (Mark S. Anderson and Peter R. Bisio, on the brief), for appellees.

Before RICHARD S. ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

The plaintiffs brought this citizen's suit under 42 U.S.C. § 7604 against Recomp of Minnesota, Inc. The plaintiffs allege that Recomp's odor emissions exceed those allowed under the Minnesota State Implementation Plan approved by the United States Environmental Protection Agency. The District Court[1] first determined that it had jurisdiction over the suit and then granted the defendant's motion for summary judgment. 829 F.Supp. 288. Recomp appeals the District Court's holding that it had jurisdiction, and the plaintiffs appeal the District Court's grant of summary judgment. On both issues, we affirm.

I.

The plaintiffs, Save Our Health Organization and others, filed a citizen's suit against Recomp, a landfill/compost station in St. Cloud, Minnesota, for violations of the Clean Air Act, of the State Implementation Plan (SIP) Minnesota developed pursuant to the Clean Air Act, and of Recomp's operating permit. The plaintiffs allege that odors emitted by Recomp have exceeded the allowable odor levels on several occasions. In addition to the claims that Recomp is violating the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, the plaintiffs also assert that the odor emissions are a private and public nuisance in violation of state law.

Under the Clean Air Act, states have primary authority for establishing a plan that

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

will achieve acceptable levels of pollutants in the air. Minnesota designed a SIP which regulates not only the six "criteria pollutants,"[2] but also odor levels. Under this plan, whether an odor level is acceptable for a certain area depends on zoning restrictions. The odor regulation reads:

No odor source shall emit air contaminants into the ambient air which cause odor outside the alleged polluter's property line in excess of the following limitations:

(1) one odor unit in areas zoned residential, recreational, institutional, retail sales, hotel, or educational;

(2) two odor units in areas zoned light industrial; and

(3) four odor units in areas zoned other than in subitems (1) and (2).

Minnesota Air Pollution Control Rule 7005.0920. These rules are part of Minnesota's state implementation plan, which the EPA approved.

In the plaintiffs' notice of intent to sue, they included the results of four odor unit tests: on January 31, 1992, the odor units were at the level of 1.45, and on March 18, 1992, at three separate locations, the odor units were recorded at the level of 1.16, 1.47, and 1.32. These test samples, the plaintiffs allege, prove Recomp violated the odor regulations.

During the time of the alleged violations of odor regulations, Recomp was acting under a operating permit issued to it by the Minnesota Pollution Control Agency. The permit specifically prohibits Recomp from exceeding the odor limits specified in Minnesota Rules pts. 7005.0900 to 7005.1040.

## II.

■ Recomp asserts that neither this Court nor the District Court has subject-

matter jurisdiction over this suit under the Clean Air Act. We disagree.

The Clean Air Act gives any person the authority to bring a civil action on his or her own behalf—

(1) against any person ... who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of (A) an emission standard or limitation under this Act....

42 U.S.C. § 7604(a)(1). An emission standard or limitation is:

(4) any other standard, limitation, or schedule established under any permit issued pursuant to title V or *under any applicable State implementation plan approved by the Administrator,* any permit term or condition, and any requirement to obtain a permit as a condition of operations, which is in effect under this Act ... or under an applicable implementation plan.

42 U.S.C. § 7604(f)(4) (emphasis added). This language expressly gives the plaintiffs the authority to sue Recomp, and us the power to decide this case, once they allege that Recomp repeatedly violated an emission standard. The emission standard the plaintiffs claimed Recomp violated was the EPA approved Minnesota SIP, which regulated odors.[3] See *Concerned Citizens of Bridesburg v. EPA,* 836 F.2d 777 (3d Cir.1987).

## III.

■ The plaintiffs argue that the District Court erred in granting summary judgment. We review an order granting summary judgment under the same standard which governed the District Court—whether the record, viewed in the light most favorable to the nonmoving party, shows that there is no

---

**2.** The EPA has established national ambient air quality standards for six pollutants: particulate matter, sulfur dioxide, carbon monoxide, nitrogen dioxide, ozone, and lead. 40 C.F.R. §§ 50.1–50.12.

**3.** Recomp claims that the EPA did not have statutory authority to approve or adopt the odor regulations, and that the portion of the SIP concerning odors was thus not valid and cannot be enforced through the federal courts under the

Clean Air Act. We do not reach this question. We hold only that there is jurisdiction because of plaintiffs' nonfrivolous allegation of violations of the EPA-approved SIP. Whether the EPA had authority under the Clean Air Act to approve the part of the SIP pertaining to odors goes to the merits of the claim, and is a question we need not reach, because we are holding for other reasons that defendants are entitled to summary judgment on the particular facts of this case.

genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Johnson v. Overnite Transp. Co.*, 19 F.3d 392 (8th Cir.1994) (per curiam). To sustain the plaintiffs' claim, they had to present some evidence that Recomp has violated and continues to violate the odor regulations in the SIP.

Plaintiffs assert that the test results they included in their notice of intent to sue demonstrate Recomp repeatedly violated the odor regulations. Those tests reveal the smells given off by Recomp were above one odor unit; those tests, however, do not show that Recomp had at any time gone over the two or four odor-unit level. If the tests had been taken in a residential, recreational, institutional, retail sales, hotel, or educational zone, these results would have tended to prove that Recomp had violated its permit. But the areas where the tests were taken are not included in any one odor-unit zone. The District Court held that the areas in which the tests were taken were zoned "light industrial" and "highway commercial."

The test taken from the "light industrial" area showed an odor unit of 1.45. The regulations allow "light industrial" areas to suffer smells which do not exceed two odor units. This result does not show Recomp violating its permit or the state implementation plan.[4]

The other test results, 1.16 and 1.32 odor units, were taken from areas zoned "highway commercial." We agree with the District Court, as a matter of law, that "highway commercial" is most comparable to "light industrial," to which the two-odor-unit limit applies. Therefore, any observations of odors in excess of one odor unit, but less than two odor units, do not prove a violation. Summary judgment is properly granted in such situations.

## IV.

■ Finally, the plaintiffs ask this Court to consider test results they did not include in their notice of intent to sue. According to the plaintiffs' brief, Benton County officials conducted three odor tests in areas zoned "light industrial." Those samples, taken on March 18 and 26, 1992, reflect 3.16, 2.37, and 2.05 odor units. Each of these samples, the plaintiffs allege, prove that Recomp has repeatedly exceeded the two-odor-unit standard in violation of the Minnesota SIP and Recomp's operating permit. The District Court did not address these test results.

The Clean Air Act, § 7604(b), requires plaintiffs in a citizen suit to give notice to those being sued. For the plaintiffs to give sufficient notice, the notice of intent to sue must include:

> sufficient information to permit the recipient to identify the specific standard, limitation, or order which has allegedly been violated, the activity alleged to be in violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name and address of the person giving notice.

40 C.F.R. 54.3(b).

The plaintiffs gave their notice of intent to sue on August 25 and amended it September 2, 1992. The plaintiffs did not mention in either notice the Benton County officials' tests, even though they seem to show greater levels of odor concentration. The plaintiffs assert that Recomp knew of those tests, so they were not required to include those violations in their notice.

We are not permitted to entertain these allegations, which could have been included in the notice, which would have provided the government and the alleged violator with more information, and which might have led the plaintiffs to a quicker resolution of their claim. The failure to include these alleged violations is fatal to this suit. These plaintiffs may, however, bring a new action based upon the Benton County officials' observations.[5] The rule is strict but required by

---

4. The District Court did not make a zoning determination for one of the test results listed in the plaintiffs' notice of intent to sue. The notice included a test taken on March 18, 1992. The odor unit level at that site was 1.47 (Jt.App. 13). This test was taken at the Recomp property line (Jt.App. 545). This area is zoned "light industrial" (Jt.App. 214). Thus there was no violation.

5. If the plaintiffs do bring another suit under the Clean Air Act, they will be faced at that time with the question of whether the EPA is authorized to

precedent as we understand it. See *Hallstrom v. Tillamook County,* 493 U.S. 20, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989). The state-law claims are dismissed without prejudice.

Affirmed.

regulate odors. This opinion does not address that question.